CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:   (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                                    )   Case No. 08-30026-DM
                                          )   CHAPTER 11
KIDS CONNECTION, INC.,                    )
                                          )
                                          )
                Debtor.                   )
                                          )
_____ )
                                          )   Adversary Proceeding
KIDS CONNECTION, INC.,                    )
                                          )        No.
                Plaintiff,                )
                                          )
v.                                        )
                                          )
LINDA KOELLING, MARK MARTEL               )
                                          )
                Defendants.               )
_____ )

**COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE**

Plaintiff KIDS CONNECTION, INC., Debtor-In-Possession ("Debtor") alleges as follows:

1.      On January 9, 2008, a voluntary bankruptcy petition was filed by Debtor commencing this Chapter 11 bankruptcy ("Bankruptcy Case"). Pursuant to 11 U.S.C. 1106 and 1203 Debtor stands in the shoes of a trustee. Pursuant to 11 U.S.C. 362, 362 (a) (1), (2), (3), (4), (5), and (6) an automatic stay was in place upon commencement of the Bankruptcy Case.

2.      The Court has jurisdiction over this adversary proceeding under 28 U.S.C. Section 151,

157 (b)(2), and 1334, Bankruptcy Rule 7001 (2),(7),(8), and (9), and under Rule 5011-1 of the Bankruptcy Local Rules of The Northern District of California.

3. This adversary proceeding is a core proceeding under 28 U.S.C. Section 157 (b)(2)(A) and (F), (H), and (O).

4. Venue is proper under 28 U.S.C. Section 1409.

5. Plaintiff is informed and believes that LINDA KOELLING ("Koelling" or "Defendant Koelling") is an individual and did and does reside within this Court's jurisdiction, with a principal residence address within the City of Foster City, County of San Mateo, State of California.

6. At the time of commencement of the Bankruptcy Case, Debtor's personal and real property assets included a K-5 (Kindergarten through 5th grade) Private School located in Foster City, California and real property located at 1970 and 1998 Beach Park Blvd., Foster City, County Of San Mateo, CA. (jointly "The Property"). The Property was, at the time of commencement of the Bankruptcy Case, property of the estate pursuant to Bankruptcy Code Section 541.

7. On September 30, 2002, Koelling recorded a UCC-1 financing statement with the California Secretary of State's office against the personal property portions of The Property, based on a September 27, 2002 Employment Agreement with Debtor. On August 23, 2007, a UCC-3 continuation statement was filed with the California Secretary of State's Office, in an effort to continue the effectiveness of the September 30, 2002 UCC-1. On or about September 27, 2002, Koelling recorded a Deed of Trust and Assignment of Rents with the San Mateo County Recorder's Office against the real property portion of The Property, based on the September 27, 2002 Employment Agreement with Debtor.

8. On or about November 16, 2004, Harry Fred Koelling and Linda Ann Koelling filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, United States Bankruptcy Court (Northern District-Oakland Division), Case No. 04-46443-LT ("Koelling Bankruptcy Case"). On or about March 5, 2008, the Bankruptcy Court in the Koelling Bankruptcy Case converted the case to a Chapter 7. Lois I. Brady ("Brady") was appointed as Trustee in the Koelling Bankruptcy

**COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE**

2

Case and, by operation of law under 11 U.S.C. Section 323, Brady is the representative of and the real party in interest of the interest of the Koelling Bankruptcy Case estate.

9. In the Koelling Bankruptcy Case, the Employment Agreement was scheduled as and was property of the estate, was not assumed by Koelling, by Brady following conversion, or the estate and was deemed rejected pursuant to Bankruptcy Code Section 365, and any post-petition termination or severance payments were property of the estate.

10. Subsequently, in this Bankruptcy Case, Brady filed Proof of Claim No. 15 and Proof of Claim No. 18, as amended, asserting rights relating to the September 27, 2002, Employment Agreement.

11. In December 2008, Brady, in the Koelling Bankruptcy Case, entered into a Claims Withdrawal And Compromise Agreement ("Agreement") with Burlingame Capital Partners II, L.P. ("Burlingame"). Paragraph 4 of the Agreement provides, in pertinent part, that: "Promptly following the Effective Date, the Trustee shall (a) take any and all such actions as may be necessary to withdraw, with prejudice, the Withdrawn Claims asserted by the Trustee against the Kids Connection Bankruptcy Estate and Kids Connection, (b) take any and all such actions as necessary . . . to release, reconvey, remove and withdrawal the Deed of Trust, Security Agreement, security interest, lines and encumbrances against the assets of the Kids Connection Bankruptcy Estate or Kids Connection . . ." Paragraph 5 of the Agreement provides, in pertinent part, that: Effective on the Effective Date, the Trustee, personally and on behalf of the Koelling Bankruptcy Estate . . . shall fully and forever waive, release and discharge any and all Claims, liens, security interest and encumbrances, the Trustee of the Koelling Bankruptcy Esate has, may have or may hereafter have against the Kids Connection Bankruptcy Estate and Kids Connection . . . It is expressly agreed and understood that . . . Kids Connection Bankruptcy Estate and Kids Connection are intended third party beneficiaries of such waiver, release and discharge by the Trustee and the Koelling Bankruptcy estate."

12. On December 31, 2008, the Bankruptcy Court in the Koelling Case entered an Order Granting Trustee's Motion For Approval Of Compromise Agreement ("Order Approving

**COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE**

3
Case: 09-03207   Doc# 1   Filed: 11/20/09   Entered: 11/20/09 14:34:47   Page 3 of 10

Compromise") which indicated, in pertinent part, that: "The trustee is authorized to perform the terms of Compromise Agreement, including the terms requiring her to withdraw her claims against Kids Connection Inc. estate (Case No. 08-30026) and to execute a release of the deed of trust and personal property security interest secured by Kids Connections Inc.'s assets, as required by the Compromise Agreement."

13. On January 27, 2009, Brady filed a Withdrawal of Claims in this Bankruptcy Case (Docket #220) stating, in pertinent part, that: "Pursuant to the Order Granting Trustee's Motion for Approval of Compromise Agreement, entered on December 31, 2008, in Case No. 04-46443, United States Bankruptcy Court for the Northern District of California, Lois I. Brady, personally and as trustee of the Chapter 7 bankruptcy estate of Fred Koelling and Linda Koelling, and on behalf of their successors, affiliates, agents and assigns, jointly and severally, fully and forever waive, release, discharge and withdraw, with prejudice, any and all claims, rights, title, interest, liens, security interests and encumbrances the Trustee or the Koelling bankruptcy estate has, may have or may hereafter have against the Kids Connection bankruptcy estate and Kids Connection, including but not limited to the withdrawal, with prejudice, of any and all claims arising under or related to the employment agreement between Linda Koelling and Kids Connection dated as of September 27, 2002, the alleged promissory note between Kids Connection and Fred and Linda Koelling dated October 1, 1998, Proof of Claim No. 15, as amended, docketed in this bankruptcy case, and Proof of Claim No. 18, as amended, docketed in this bankruptcy case."

14. On January 27, 2009, Brady filed/recorded a UCC Financing Statement Amendment with the California Secretary of State's Office releasing lien claims against the personal property portions of The Property.

15. On January 27, 2009, Brady recorded a Substitution Of Trustee And Deed Of Reconveyance with the San Mateo County Recorder's Office releasing lien claims against the real property portion of The Property.

16. On February 5, 2009, the Debtor filed and served Debtor's motion to sell substantially all of its assets free and clear of liens, claims and interests pursuant to Bankruptcy Code Section

COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE

4

Case: 09-03207   Doc# 1   Filed: 11/20/09   Entered: 11/20/09 14:34:47   Page 4 of 10

363(f). In the motion the Debtor asserted that to the extent there was the possibility of a claim or claims by Koelling that on December 31, 2008, the court in the Koelling Bankruptcy Case issued an Order Granting Trustee's Motion For Approval Of Compromise Agreement in the Koelling Bankruptcy Case and on January 27, 2009, pursuant thereto Brady withdrew the claims and released all liens. In response to the motion Koelling submitted a declaration indicating a balance owed under the Employment Agreement.

17.     On April 29, 2009, the Bankruptcy Court entered a formal sale order relating to The Property. Notice of the sale order was served on all parties herein. As set forth in the sale order, the subject assets were sold free and clear of liens, claims, encumbrances or interests, including any liens, claims, encumbrances or interests of Defendant Martel relative to the judgment lien recorded on January 10, 2008 and Koelling to the extent any potential lien claim that may be asserted, but any such lien, claim or interest would attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the subject assets.

18.     On June 30, 2009, Koelling filed a Proof of Claim (Claim No. 30-1) in this Bankruptcy Case as a secured claim pursuant to same employment agreement, security agreement, lien notice, and deed of trust as previously discussed hereinabove.  On January 10, 2008, this Bankruptcy Court set a proof of claim deadline of May 12, 2008.

19.     On November 6, 2009, Debtor requested of Koelling's counsel confirmation whether or not Koelling asserts a secured claim against Debtor, the Debtor's assets, the estate's assets, or the sales proceeds. Debtor renewed this request on November 10, 2009 and November 19, 2009. As of the date of this complaint, Koelling has not confirmed whether Koelling asserts a secured claim relative to the Debtor, the Debtor's assets, the estate's assets, or the sales proceeds or not.

20.     Plaintiff is informed and believes that MARK MARTEL ("Martel" or "Defendant Martel") is an individual, did and does business within this Court's jurisdiction, with a principal place of business at 425 Sherman Avenue, #330, Palo Alto, CA 94306-1851.  At all times herein Martel was an attorney duly licensed to practice law in the State of California.

21.     On October 1, 2007, a judgment was entered in San Mateo Superior Court Case

COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE

5

Case: 09-03207    Doc# 1    Filed: 11/20/09    Entered: 11/20/09 14:34:47    Page 5 of 10

No.: 465126 in favor of Defendant Martel and against Debtor in the amount of $114,699.51.

22. On January 9, 2008, immediately prior to the commencement of the Bankruptcy Case, Debtor's counsel advised Defendant Martel that Debtor intended to file bankruptcy within the hour and wanted to confirm whether Defendant Martel had recorded an Abstract of Judgment or Notice of Judgment Lien relative to the October 1, 2007, judgment. Defendant Martel confirmed he had not recorded an Abstract of Judgment or Notice of Judgment Lien relative to the October 1, 2007, judgment.

23. On January 10, 2008, Defendant Martel recorded a Notice of Judgment Lien with the California Secretary of State relative to the October 1, 2007, judgment, against Debtor, and against property of the estate ("the Transfer").

24. On or about May 12, 2008, Defendant Martel filed a Proof of Claim relative to the October 1, 2007, judgment, but indicated such judgment was not a secured claim.

25. On May 27, 2008, Debtor's counsel sent Defendant Martel correspondence requesting he voluntarily release a Notice of Judgment Lien he recorded with the California Secretary of State against the Debtor because it was recorded post-petition, in violation of the automatic stay, and null and void pursuant to Bankruptcy Code Section 362. Debtor did not receive a substantive response.

26. On November 3, 2009, Debtor requested, via facsimile and U.S. Mail, that Defendant Martel execute a Notice of Judgment Lien Release Or Subordination and provided Defendant Martel until November 10, 2009 to either record the Notice of Judgment Lien Release or Subordination with the California Secretary of State or provide Debtor's counsel with the original signed document so Debtor could record the document with the California Secretary of State or this complaint would be filed. Defendant Martel requested and was granted additional time to respond based on his personal calendar and request to consult with counsel.

27. On November 17, 2009, Defendant Martel advised Debtor's counsel that he had consulted with counsel, was not asserting a lien against Debtor's or the estate's assets, and would execute a Notice of Judgment Lien Release. A Notice of Judgment Lien Release was faxed by

**COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE**

6

Case: 09-03207   Doc# 1   Filed: 11/20/09   Entered: 11/20/09 14:34:47   Page 6 of 10

Defendant Martel's office immediately prior to the conversation between Defendant Martel and Debtor's counsel and Defendant Martel authorized its filing. On November 19, 2009 and November 20, 2009, Debtor's counsel attempted to file the Notce of Judgment Lien Release, but recognize that errors in the form and the absence of an original prevented the form's proper filing.

28. On November 20, 2009, Debtor's counsel advised Defendant Martel to correct the errors, file the form directly, or provide Debtor's counsel with the corrected original for filing. Debtor's counsel anticipates that Defendant Martel will execute a correct form and the form will be filed promptly. Therefore, Debtor anticipates dismissing Defendant Martel thereafter.

**FIRST CLAIM FOR RELIEF**
**(Determination of Secured Claim)**
**11 U.S.C. § 506/Bank.Rule. 7001(2),(7),(8), and (9)**
**Linda Koelling**

29. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 28, inclusive, as though fully stated herein.

30. Pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 7001 (2), (7), (8), and (9), Debtor submits that an actual controversy exists regarding the creation, existence, validity, perfection, and enforcement of secured claims asserted by the defendant, and the court must determine the rights and remedies of the parties relative to the asserted secured claims.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Avoidance of Post-Petition Transaction)**
**11 U.S.C. 549**

31. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 33, inclusive, as though fully stated herein.

32. Pursuant to Bankruptcy Code Section 549 the trustee may avoid the transfer of property of the estate (1) that occurs after the commencement of the case and (2)(B) that is not authorized under this title or by the court.

33. The Transfer, as described in paragraph 23, was a transfer of property of the estate, a transfer that occurred after commencement of the case, and a transfer that was not authorized by this

COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE

7

Case: 09-03207   Doc# 1   Filed: 11/20/09   Entered: 11/20/09 14:34:47   Page 7 of 10

title or by this court.

34. Therefore, the Transfer, must be avoided.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## THIRD CLAIM FOR RELIEF
**(Avoidance of Post-Petition Act To Create, Perfect, or Enforce Lien Against Property of The Estate)**
**11 U.S.C. 362, 362 (a)(1), (2), (3),(4), (5), and (6)**

35. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 34, inclusive, as though fully stated herein.

36. Pursuant to Bankruptcy Code Section 11 U.S.C. 362, 362 (a)(1), (2), (3),(4), (5), and (6) the commencement of this Bankruptcy Case automatically stayed enforcement, against the debtor or property of the estate, of actions formal and informal actions, including enforcement of a judgment obtained before the commencement of the case, post-judgment enforcement remedies, and efforts to create, perfect, or enforce liens. It is axiomatic that such actions done post-petition against the debtor or property of the estate are void and without effect.

37. The Transfer, as described in paragraph 23, was a done after commencement of the Bankruptcy Case, was done in violation of the automatic stay provisions of 11 U.S.C. 362, was not authorized by the court, and is void and without effect.

38. The assertion of post-petition acts to create, perfect, or enforce lien against property of the estate by Martel was done in violation of the automatic stay provisions of 11 U.S.C. 362, 362 (a)(1), (2), (3),(4), (5), and (6), was not authorized by the court, and is void and without effect.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF
**(Determination of Secured Claim)**
**11 U.S.C. § 506/Bank.Rule. 7001(2),(7),(8), and (9)**
**Mark Martel**

39. Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 38, inclusive, as though fully stated herein.

40. Pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 7001 (2), (7), (8), and (9), Debtor submits that an actual controversy exists regarding the creation, existence, validity, perfection, and

COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE

8

enforcement of secured claims asserted by the defendants, and each of them, and the court must determine the rights and remedies of the parties relative to the asserted secured claims.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## REQUEST FOR RELIEF

Plaintiff requests judgment as follows:

A.  On the first claim for relief, for a judgment against the Defendant Koelling declaring she is not a secured creditor, declaring such secured claim null and void, authorizing Debtor to record a Notice of Judgment Lien Release Or Subordination and a Substitution of Trustee and Deed of Reconveyance as necessary, and authorizing Debtor to distribute Debtor's and the estate's assets, including sales proceeds from the sale of The Property, without reference or reliance on any related secured claim;

B.  On the second, third, and fourth claim for relief, for a judgment against the Defendant Martel avoiding the Transfer identified in Paragraph 23, declaring it null and void, authorizing Debtor to record a Notice of Judgment Lien Release Or Subordination as necessary, avoiding any secured claims against The Property or proceeds thereof, and authorizing Debtor to distribute Debtor's and the estate's assets, including sales proceeds from the sale of The Property, without reference or reliance on any related secured claim;

B.  On the third claim for relief, for a judgment against the Defendant Martel avoiding any secured claims against the Debtor or estate's assets, including The Property or proceeds thereof, declaring such secured claims null and void,  avoiding any secured claims against the Debtor's and the estate's assets, including sales proceeds from the sale of The Property, authorizing Debtor to distribute Debtor's and the estate's assets, including sales proceeds from the sale of The Property, without reference or reliance on any related secured claim, and awarding monetary sanctions in the form of attorneys fees and costs and/or damages in the form of attorneys fees and costs;

C. On all claims for relief, for recovery of the costs and expenses of this litigation according to proof;

D. On all claims for relief, for costs of suit herein; and

COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE

9

Case: 09-03207   Doc# 1   Filed: 11/20/09   Entered: 11/20/09 14:34:47   Page 9 of 10

E. On all claims for relief, for such further relief the Court deems proper.

Dated: November 20, 2009          CAMPEAU GOODSELL SMITH

By: /s/   William J. Healy
       William J. Healy

**COMPLAINT TO DETERMINATION OF SECURED CLAIM AND AVOIDANCE OF POST-PETITION ACT TO CREATE, PERFECT, OR ENFORCE LIEN AGAINST PROPERTY OF THE ESTATE**

10